**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **KARL ALLEN BJORK, 167949,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:26-cv-00653** |
| | ) | |
| **WCSO JAIL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Karl Bjork has filed a Complaint asserting a violation of his civil rights while he was in custody of the Williamson County Sheriff's Office in Franklin, Tennessee. (Doc. No. 1). As explained below, this action will be dismissed for failure to state a claim upon which relief may be granted.

## I. FILING FEE

Bjork has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 13). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of the IFP Application and supporting documentation, it appears that Bjork lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 13) will be granted. Bjork's motions for continuance related to his IFP Application (Doc. Nos. 10, 12, 16) and his prior IFP Application (Doc. No. 2) will be denied as moot.

Under § 1915(b), Bjork nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-

plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Bjork is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Bjork's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, 20 percent of the greater of – (a) the average monthly deposits to his account; or (b) the average monthly balance in his account for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Bjork's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Bjork's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Trousdale Turner Correctional Center to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Bjork is transferred from his present place of confinement, the

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows him to his new place of confinement for continued compliance.

## II. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

At this stage, the Court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016), and accept the factual allegations as true unless they are entirely without credibility. Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007).

## III. THE COMPLAINT

In the Complaint, Bjork alleges that he requested printed copies of the Declaration of Independence, United States Constitution, and Bill of Rights to be delivered to his prison cell in May 2026. (Doc. No. 1 at 1). The documents were not provided. (Id.).

## IV. ANALYSIS

Bjork asserts that the denial of his requests violated his Fourteenth Amendment right to due process and his First Amendment right to petition the government. (Doc. No. 1 at 1).

"The Fourteenth Amendment prohibits any State from depriving a person of life, liberty, or property without due process of law." Meachum v. Fano, 427 U.S. 215, 223 (1976). "A Fourteenth Amendment procedural due process claim depends upon the existence of a

constitutionally cognizable liberty or property interest with which the state has interfered." McMillan v. Fielding, 136 Fed. Appx. 818, 820 (6th Cir. 2005). Here, Bjork does not identify any liberty or property interest that has been denied to him, such that due process would be required. He has therefore failed to state a Fourteenth Amendment due process claim upon which relief may be granted.

There is no "abstract, freestanding [First Amendment] right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). Instead, "meaningful access to the courts is the touchstone." Id. (quotation marks omitted). To succeed on an access-to-courts claim, a plaintiff "must plead and prove prejudice stemming from the asserted violation." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). Here, Bjork does not allege that he was prejudiced in any litigation based on the denial of hard copies of the requested documents. Accordingly, he has failed to state a First Amendment access-to-courts claim upon which relief may be granted.[1]

## V. CONCLUSION

Bjork's second IFP Application (Doc. No. 13) is **GRANTED**. His motions for continuance (Doc. Nos. 10, 12, and 16) and his prior IFP Application (Doc. No. 2) are **DENIED** as moot.

The Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. Final judgment shall now issue in accordance with Rule 58(b)(1) of the Federal Rules of Civil Procedure. Any appeal from this judgment would not be brought in good faith, as Plaintiff has no non-frivolous basis for appeal.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

[1] Notably, Bjork does not allege he was never permitted to read or otherwise access the documents at issue. He simply alleges that he was not provided hard copies in his cell upon request. (Doc. No. 1 at 1).